IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CHARLES C. JACOBS, JR., AND
ROSEMARY W. JACOBS                                              PLAINTIFFS

V.                                              CIVIL ACTION NO. 2:09CV132-B-S

CONSECO, INC., CDOC, INC., WASHINGTON
NATIONAL INSURANCE COMPANY, CONSECO
SERVICES, LLC, AND CONSECO LIFE
INSURANCE COMPANY                                              DEFENDANTS

## ORDER

This cause comes before the court upon the defendants' Motion to Dismiss for Lack of

Personal Jurisdiction and Motion for Summary Judgment, the defendants' Motion for Summary

Judgment, the defendants' Motion to Strike Response, the plaintiffs' Motion to Continue

Responses, and the plaintiffs' Motion *in Limine*.  Upon due consideration of the motions,

responses, exhibits, and supporting and opposing authority, the court is ready to rule.

The plaintiffs, Charles and Rosemary Jacobs, bring this action against Conseco Life

Insurance Company (CLIC), and its corporate parents, Conseco, Inc. (now known as CNO

Financial Group, Inc.) (CNO), CDOC, Inc., and Washington National Insurance Company

(WNIC), as well as Conseco Services, LLC, alleging that the companies engaged in a fraudulent

scheme to lapse a life insurance policy insuring Mr. Jacobs' life for Mrs. Jacobs' benefit for

failure to pay adequate premiums after the Mississippi Supreme Court had condemned the

practice.  *See Pate v. Conseco Life Insurance Co.*, 971 So. 2d 593 (Miss. 2008).

The defendants move to dismiss CNO, CDOC, Inc., and Washington National Insurance

Company for lack of personal jurisdiction and for summary judgment.  CNO and CDOC allege

that they have not directed or engaged in any activity in the State of Mississippi and have

executed no contracts or committed any torts here. All three defendants assert that they are separate and distinct corporations from CLIC, and CNO asserts that it only does business in Mississippi through its subsidiaries and can therefore not be haled into court here.

The court's determination of *in personam* jurisdiction "turns initially on the well-pleaded allegations of the complaint." *Jones v. Chandler*, 592 So. 2d 966, 972 (Miss. 1991). The court "must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).

A court sitting in diversity jurisdiction over a nonresident defendant must first be satisfied that the forum state's long-arm statute confers *in personam* jurisdiction over the defendant and that exercise of such jurisdiction is consistent with due process under the United States Constitution. *Id.* The Fourteenth Amendment's Due Process Clause allows personal jurisdiction over the nonresident when "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Id.*

Mississippi's long-arm statute, Miss. Code Ann. § 13-3-57, provides in pertinent part as follows:

> Any nonresident person . . . who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

2

The plaintiffs allege that CNO and its subsidiaries and affiliated companies each committed a tort in the State of Mississippi by engaging in a practice of wrongfully increasing the "cost of insurance" on their policies and decreasing interest rates in violation of their duty of good faith and fair dealing. Further, CNO and its affiliates repeatedly solicit business in Mississippi through their marketing campaign; they maintain a number of sales offices in Mississippi and offer all of their products in Mississippi; they have previously been required to defend lawsuits in Mississippi[1]; and, in short, have maintained continuous and systematic contacts with Mississippi subjecting them to the jurisdiction of this court.

As to the defendants' allegations of "corporate separateness," the court is presently unpersuaded. The Mississippi Supreme Court has stated:

> [T]he notion of separate corporate existence of parent and subsidiary or affiliated corporations will not be recognized where one corporation is so organized and controlled and its business conducted in such a manner as to make it merely an agency, instrumentality, adjunct, or alter ego of another corporation. The fiction of separate corporate identity of two corporations will not be extended to permit one of the corporations to evade its just obligations or to promote fraud or illegality or injustice.

*Beco, Inc. v. American Fidelity Fire Ins. Co.*, 370 So. 2d 1343, 1346 (Miss. 1979). The Fifth Circuit has found it appropriate to pierce the corporate veil when there is "such unity of interest and ownership that the separate personalities of the corporation and the shareholder no longer exist, and adherence to the fiction of separate corporate existence would under the circumstances sanction a fraud or promote injustice." *FMC Finance Corp. v. Murphree*, 632 F.2d 413, 422 (5th Cir. 1980). This court has likewise found it appropriate to "'pierce the corporate veil' . . . when

---

[1]*See, e.g., Carla Beaugez et al. v. Conseco, Inc., et al.*, CV-99-0106, in the Circuit Court of Claiborne County, Mississippi.

a party 'has overextended his privilege in the use of a corporate entity in order to defeat justice . . . or evade a contractual or tort responsibility.'" *American Mgmt. Corp. v. Dunlap*, 784 F. Supp. 1245, 1248 (N.D. Miss. 1992) (quoting *Randall v. Timberlake Associates, Inc.*, 199 Ga. App. 574 (1991)).

CNO and CDOC are holding companies which derive all their profits from their subsidiaries; they require their subsidiaries to do business with each other; and many of the same people serve as officers of the different companies. For instance, Karl Kindig is the secretary of CNO and CDOC, the assistant secretary for 40/86 Advisors (CNO's investment management arm), vice president, deputy general counsel, and secretary for Conseco Services, WNIC, and CLIC, and the corporate representative for each of the defendants in this litigation. Edward Bonach is executive vice president and chief financial officer of CNO, president of Conseco Services, and president and sole director of CDOC. The directors of WNIC are Bonach, Thomas Barta, Russell Bostick, John Kline, Steven Stecher, and Christopher Nickele. Bonach, Barta, Nickele, and Stecher also serve as directors of CLIC. Clearly the same group of people make decisions for all of the corporate entities named as defendants in this action.

The Mississippi Supreme Court has held that "ownership of all the stock of a corporation coupled with common management and direction does not . . . operate as a merger of the two corporations into a single entity." *Buchanan v. Ameristar Casino Vicksburg, Inc.*, 957 So. 2d 969, 978 (Miss. 2007). The court stated that it "will not disregard corporate identity unless it is shown that one corporation is a 'mere instrumentality or agency or adjunct in that sense, or as a sham or is used in fraud, by the dominant corporation.'" *Id.* (quoting *Johnson & Higgins of Miss., Inc., v. Comm'r of Ins. of Miss.*, 321 So. 2d 281, 285 (Miss. 1975)). In *Johnson &*

*Higgins*, the court held that commonality of direction and stock ownership "is not enough to warrant disregard, in the absence of some fraudulent purpose." *Johnson & Higgins*, 321 So. 2d at 285.

In the present case, however, the plaintiffs have alleged a "fraudulent purpose" and have set forth evidence which tends to show that certain defendants may be "mere instrumentalities or agencies or adjuncts" of others. The plaintiffs have satisfied the standard of review for a motion to dismiss and have satisfied the more stringent standard required in a motion for summary judgment by directing the court to enough evidence of their contentions to, at the very least, create a question of fact – both as to the defendants' lack of corporate separateness as well as to the charges of wrongdoing; and the court notes with significance that the plaintiffs have done so under the considerable disadvantage of a discovery process in which the defendants have been far less than forthcoming.

For example, plaintiffs' counsel asserts that during the course of the depositions of the defendants' corporate representatives, defense counsel repeatedly disrupted the depositions and instructed his clients to refuse to answer questions regarding the relationships among these corporate defendants – questions which were legitimately within the scope of the notices provided by the plaintiffs prior to the depositions. According to the plaintiffs, the "farcical nature of the 'corporate separateness' is clearly demonstrated by the defendants' convoluted efforts to create distinctions between the various defendants." Even a cursory review of the deposition transcripts reveals merit to the plaintiffs' contentions. The plaintiffs appear to be accurate in their assertion that defense counsel used the fiction of corporate separateness as a

shield and refused to produce documents or to allow the corporate representatives to answer

legitimate questions which were designated in the plaintiffs' notices.

At this time, the court finds that the defendants are within the reach of Mississippi's long-

arm statute and are amenable to suit in this state. The court may exercise *in personam*

jurisdiction over the defendants, and their motion should therefore be denied. If at any point

during the trial of this cause, the evidence presented reveals that CNO, CDOC, or WNIC are not

proper parties to this action, the defendants will be allowed to renew their motion to dismiss.

Having addressed the merits of the defendants' motion and finding in favor of the

plaintiffs, the court finds that analysis of the plaintiffs' collateral estoppel argument is

unnecessary. The court makes no determination as to whether the elements required for

collateral estoppel are present in this case but does note that the issue of personal jurisdiction

over these defendants has been previously addressed by a Mississippi court. In *Carla Beaugez et*

*al. v. Conseco, Inc., et al.*, CV-99-0106, in the Circuit Court of Claiborne County, Mississippi,

the court denied the same defendants' motion to dismiss for lack of personal jurisdiction, and the

defendants did not appeal the circuit court's ruling.

The court now directs its attention to the defendants' motion for summary judgment. The

defendants assert that Plaintiff Charles Jacobs lacks standing to sue because he is neither the

owner nor a beneficiary of the policy; that the claims are barred by the applicable statute of

limitations; and that Plaintiff Rosemary Jacobs has failed to adduce evidence in support of her

claims for mental anguish and emotional distress.

First, the court finds that Mr. Jacobs has standing to sue if he was the purchaser of the

policy in question. The defendants suggest that the "purchaser" and "owner" of the policy are

always the same person – in this case, Mrs. Jacobs. The primary case on which the defendant

relies in support of its argument against Mr. Jacobs' standing, *Levin v. Minnesota Life Ins. Co.*,

2008 U.S. Dist. LEXIS 51564 (S.D. Tex. 2008), however, acknowledges a "purchaser" as a

separate category of persons who have standing to bring suit on a life insurance policy. The

*Levin* court found that the plaintiff in that case, a minor child insured, through her mother and

next friend, was "a non-purchaser, non-owner, non-beneficiary of the policy underlying the

complaint," and therefore did not have standing. In making this determination, the *Levin* court

considered whether the plaintiff had "paid any premiums . . . under the policy." *Id.* This court

therefore finds that Mr. Jacobs has standing if he was the purchaser who paid the premiums.

Whether he did in fact purchase the policy and pay the premiums is a contested issue of fact, as

set forth in the Pretrial Order (though the court finds the record replete with evidence that Mr.

Jacobs was, in fact, the actual purchaser of the policy). This question of fact, of course,

precludes summary judgment.

The court also finds that the plaintiffs filed this action within the applicable three-year

statute of limitations, Miss. Code Ann. § 15-1-49(1). Specifically, the court finds that the statute

of limitations began to run, not in 1988 when the policy was issued, as the defendants contend,

but in February, 2009, when the defendants notified the plaintiffs that their policy had lapsed for

failure to pay additional premiums. This was the earliest date on which the plaintiffs were

placed on notice that the defendants' actions, allegedly based on the language of the policy, were

in conflict with the representations of the plaintiffs' selling agent, Mr. Dossie Shook, that the

policy premium would remain constant. The complaint and amended complaint in this action

were filed well within three years of February, 2009.

Finally, the court finds that Mrs. Jacobs has met her burden to set forth evidence establishing the existence of a genuine issue of material fact on her claims of emotional distress and mental anguish. In addition to the aforementioned issues, the court finds questions of fact including, but not limited to, whether the defendants wrongfully breached the life insurance contract with the plaintiffs and whether the defendants fraudulently altered the policy. Summary judgment is therefore inappropriate, and the defendants' motion shall be denied.

The court finds no merit to the defendants' Motion to Strike Response and finds that the plaintiffs' Motion to Continue Responses is moot. The court also finds that the plaintiffs' Motion *in Limine* should be denied at this time.

Finally, the court notes that the parties have designated in the Pretrial Order copious exhibits to be admitted at trial. It would appear that the process of admitting these exhibits alone would require more time than the estimated four-day trial will allow. The court therefore finds it reasonable to require the parties to reduce their respective exhibit lists and limit their exhibits to ten (10) per side. The parties will be required to obtain leave of court for each submission over this number.

It is, therefore, **ORDERED AND ADJUDGED**

that the defendants' Motion to Dismiss and Motion for Summary Judgment is **DENIED**;

that the defendants' Motion for Summary Judgment is **DENIED**;

that the defendants' Motion to Strike Response is **DENIED**;

that the plaintiffs' Motion to Continue Responses is **DENIED as moot**; and

that the plaintiffs' Motion *in Limine* is **DENIED** at this time.

This, the 14th day of March, 2011.

 */s/ Neal Biggers*
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**